IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Edward Harold Saunders, Jr., | ) Civil Action No.: 2:12-2152-JFA-BHH |
| Plaintiff, | ) |
| vs. | ) |
| Mary M. Mitchell; Esther Slater; G. Lewis, | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO STAY
DISCOVERY OR FOR PROTECTIVE ORDER**

COME NOW DEFENDANTS Mitchell, Slater, and Lewis, by and through William N. Nettles, United States Attorney, and the undersigned Assistant United States Attorney, and submit this Motion to Stay Discovery or For Protective Order, in response to the Plaintiff's Motion to Compel Defendants to Produce Documents. (ECF No. 24).

The plaintiff has filed a Motion to Compel the Defendants to Produce Documents so that he might gain possible facts that might demonstrate the existence of a genuine issue of fact. (ECF No. 23, p. 2, ¶ 9; and p. 8, ¶ 34).

Discovery would not be proper at this juncture. The defendants filed a Motion to Dismiss, or for Summary Judgment, asserting qualified immunity. (ECF No. 20). Discovery is not appropriate while there is a pending motion asserting qualified immunity. Allowing discovery at this juncture flies in the face of years of precedent finding that discovery should not be had until after a ruling on qualified immunity. See e.g., Mitchell v. Forsyth, 472 U.S. 511,

526 (1985); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); also McVey v. Stacy, 157 F.3d 271, 275 (4th Cir. 1998); Jenkins v. Medford, 119 F.3d 1156, 1159 (4th Cir. 1997).

Qualified immunity includes "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal [immunity] question." Mitchell, 472 U.S. at 526. "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Id., 472 U.S. at 526. As the Fourth Circuit has stated, qualified immunity "includes an entitlement not to stand trial or face the other burdens of litigation." McVey, 157 F.3d at 275. Discovery is one of "the burdens of litigation" that the qualified immunity defense seeks to avoid. Jenkins, 119 F.3d at 1159. The Supreme Court recently reiterated this point, stating, "we have made clear that the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (internal quotations omitted).

Plaintiff admits his objective for discovery is merely an attempt to acquire evidence **that might enable** him to create a material issue of fact for his response to Defendants' Motion for Summary Judgment. (**Emphasis added.**) This admission by the plaintiff clearly demonstrates he has failed to set forth a *prima facie* case, and reflects his intent to merely engage in a fishing expedition.

Furthermore, even taking all of the plaintiff's allegations as true, he has failed to state a *prima facie* case of a constitutional violation, and no amount of discovery can correct this deficiency.

2

## **CONCLUSION**

WHEREFORE, the defendants respectfully request this Court enter a Stay of Discovery until further order of this Court. In the alternative, the defendants request a Protective Order prohibiting discovery until this Court rules on the defendants' dispositive motion.

                                                Respectfully submitted,

                                                WILLIAM N. NETTLES
UNITED STATES ATTORNEY

By:  *s/Barbara M. Bowens*
BARBARA M. BOWENS (#4004)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201

January 22, 2013                        Telephone: (803) 929-3000

# CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that she has caused service of the attached **DEFENDANTS' MOTION TO STAY DISCOVERY OR FOR PROTECTIVE ORDER** by a legal assistant employed in the Office of the United States Attorney for the District of South Carolina and is a person of such age and discretion as to be competent to serve papers.

That on January 22, 2013, my legal assistant served a copy of the foregoing document by CM/ECF Electronic Mail and/or by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address listed below, and by depositing said envelope and contents in the United States Mail at the U.S. Attorney's Office, 1441 Main Street, Suite 500, Columbia, SC 29201.

Edward Harold Saunders, Jr
Reg. No. 11022-058
Federal Correctional Institution
PO Box 3725
Adelanto, CA 92301

*s/Barbara M. Bowens*
BARBARA M. BOWENS (#4004)
Assistant United States Attorney
