UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Harold Saunders,           )<br>                                                    )<br>                         Plaintiff,  )<br>v.                                              )<br>                                                    )<br>Mary M. Mitchell; Esther Slater; and )<br>G. Lewis,                                   )<br>                                                    )<br>                         Defendants. )<br>_____) | C/A No.  2:12-2152-JFA-BHH<br><br><br>ORDER |

The *pro se* plaintiff, Edward Harold Saunders, brings this action pursuant to 42 U.S.C. § 1983. At the time the events arising in this action occurred, the plaintiff was incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. He is presently incarcerated at the Federal Correctional Institution Victorville in California. Plaintiff contends that the defendants violated his constitutional rights by depriving him of outdoor exercise and restricted his eligibility for educational programming. Plaintiff seeks compensatory and punitive damages.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and suggests that the complaint should be considered as a *Bivens* action

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

since all the named defendants are federal entities or employees. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971). The Magistrate Judge also opines that the defendants' motion for summary judgment should be granted on various grounds. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The court advised the plaintiff in a *Roseboro* order of the importance of his adequate response to the motion for summary judgment. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The plaintiff responded to the motion and also filed a motion to compel discovery, to which the defendants have responded in opposition.

The parties were advised of their right to file objections to the Report and Recommendation. The plaintiff filed a motion for additional time and the court granted him a 30-day extension until September 13, 2013 to file objections. That deadline has now expired and the plaintiff has failed to file any objections. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court adopts the Magistrate Judge's recommendation and incorporates the Report herein by reference.

Accordingly, the defendants' motion for summary judgment (ECF No. 20) is granted. Plaintiff's motion to compel (ECF No. 24) is denied and defendants' motion to stay (ECF

No. 29) is now moot.

    IT IS SO ORDERED.

September 23, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

3