UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward Harold Saunders,[1] | ) | C/A No. 2:12-2152-JFA-BHH |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Mary M. Mitchell; Esther Slater; and | ) | |
| G. Lewis, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Edward Harold Saunders,[1] brought this *Bivens*[2] action pursuant to 42 U.S.C. § 1983. The Magistrate Judge assigned to the case[3] prepared a Report and Recommendation, opining that the defendants' motion for summary judgment should be granted on various grounds.

The parties were advised of their right to file objections to the Report and Recommendation. The plaintiff filed a motion for additional time and the court granted him

---

[1] At the time the events arising in this action occurred, the plaintiff was incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. He is presently incarcerated at the Federal Correctional Institution Victorville in California.

[2] The Magistrate Judge suggested that the complaint should be considered as a action since all the named defendants are federal entities or employees. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971).

[3] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

a 30-day extension until September 13, 2013 to file objections. On September 23, 2013, after no objections had been filed and the deadline within which to do so had expired, this court entered an order adopting the Magistrate Judge's Report and Recommendation, granting the defendants' motion for summary judgment, and dismissing the action with prejudice (ECF Nos. 48, 49).

On September 25, 2013, after the court entered its order of dismissal, the plaintiff's objections were received in the mail and filed by the Clerk of Court. Then, on October 21, 2013, the plaintiff filed a motion to set aside entry of default. The defendants responded in opposition to the motion contending that the judgment was not entered on the basis of default and that the plaintiff's motion under Fed. R. Civ. P. 55 was inapplicable.

In the plaintiff's motion to set aside default, plaintiff avers that he delivered to prison authorities a set of objections on September 12, 2013, the day before the objections were due in this court. The objections were file-stamped by the Clerk's Office on September 25, 2013. Giving the petitioner the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) which considers a prisoner's pleading filed at the moment of delivery to prison authorities for forwarding to District Court, the court will vacate its order and judgment filed September 23, 2013. The court will now consider the plaintiff's objections, although they were received after the court had issued its judgment in the action and well after the deadline to file the objections passed.

As noted above, the Magistrate Judge recommended that all three of plaintiff's claims be dismissed on summary judgment. In his objection memorandum, plaintiff merely recites

2

and incorporates by reference arguments made to, and rejected by, the Magistrate Judge. In fact, plaintiff goes to great lengths to quote substantial portions of his earlier objection memorandum.

This court has reviewed the entirety of the Magistrate Judge's Report and Recommendation and all of the plaintiff's objections thereto. This court agrees with the Magistrate Judge on each point objected to, and finds no basis for disturbing the Magistrate Judge's recommended disposition.

For all the foregoing reasons, the objections are all overruled, the Report and Recommendation is adopted as the order of this court and incorporated herein by reference. This action is hereby dismissed with prejudice.

IT IS SO ORDERED.

January 24, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge